Battle, J.
 

 The subpoena in this case wasrefurned to the' SpringTerm 1848 ofthe Superior Court of Law for Henderson County, at which Term the defendant filed his answer, and the Court adjudged there should be a partition, as prayed for and an order was made at the same time appointing commissioners to divide and allot the land, and from this judgment the defendant appealed. The defendant in his answer, opposes the granting of the prayer of the petitions, upon the the ground that it will be more to the interest of all the parties to have the land sold and the money divided, becuase of the smallness of one of the tracts and the small proportion which the good land bears to the poor in another. With this objection we have nothing to do. The law gives to the tenants in common an absolute right to have their land divided, and the plaintiffs here were entitled to have their judgment for the ap--ppintment of commissioners, at the first Term to which the defendants was brought in, the tenancy in common being admitted in the answer. His Honor therefore committed no error in adjudging, that the petitioners were entitled to partition in the lands, and appointing commissioners for that purpose, but there was error in the form of drawing up the judgment. It should show, upon its face, the particular land to be divided and the portion or share of the lands, to which each of the petitioners and the defendant was entitled, and not leave those enquiries to the commissioners. In this case according to the petition and the answer, the six minor heirs and the petitioners, John, Ann and Joseph Ledbetter, and Ambrose' Litton, and his wife Elizabeth are each entitled
 
 to
 
 one
 
 *464
 
 fifteenth of the lands, and the petitioners Richard Ledbet-ter and the defendant Gash are entitled, each to one sixth part or interest in the whole. The only ground upon which the petition was opposed before us, was that the court erred in hearing the case, at the first term, at which the answer was put in. We have already answered the objection. The proceedings in partition are summary and made so with a view to save time and expense.
 

 For these reasons the judgment must be reversed and the cause remanded, and this must be certified to the Court below.
 

 Per Curiam. Ordered accordingly.